# United States Court of Appeals
## For the First Circuit

No. 22-1829

IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO SALES TAX FINANCING CORPORATION, a/k/a Cofina; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE EMPLOYEES RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO ELECTRIC POWER AUTHORITY (PREPA); THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE PUERTO RICO PUBLIC BUILDINGS AUTHORITY,

Debtors,

---

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,

Debtor, Appellee,

v.

THE VÁZQUEZ-VELÁZQUEZ GROUP,

Objector, Appellant,

FRANKLIN ADVISERS, INC.; NUVEEN ASSET MANAGEMENT; HON PEDRO R. PIERLUISI URRUTIA; PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY,

Objectors, Appellees,

MAPFRE PRAICO INSURANCE COMPANY; FINCA MATILDE, INC.,

Objectors/Claimants, Appellees,

ASSURED GUARANTY CORP.; ASSURED GUARANTY MUNICIPAL CORP.; NATIONAL PUBLIC FINANCE GUARANTEE CORP.; OFFICIAL COMMITTEE OF UNSECURED CREDITORS; FINANCIAL GUARANTY INSURANCE COMPANY; AMBAC ASSURANCE CORPORATION; AMERINATIONAL COMMUNITY SERVICES, LLC, as servicer for the GDB Debt Recovery Authority; CANTOR-KATZ COLLATERAL MONITOR LLC, as Collateral Monitor for the GDB Debt Recovery Authority,

Creditors, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Laura Taylor Swain,* U.S. District Judge]

---

Before

Kayatta, Lynch, and Thompson,
Circuit Judges.

---

John E. Mudd and Law Offices of John E. Mudd on brief for appellant.

Timothy W. Mungovan, John E. Roberts, Adam Deming, Martin J. Bienenstock, Mark D. Harris, Brian S. Rosen, and Proskauer Rose LLP on brief for debtor-appellee the Financial Oversight and Management Board for Puerto Rico, as representative for the Puerto Rico Highways and Transportation Authority.

---

July 12, 2023

---

* Of the Southern District of New York, sitting by designation.

**LYNCH**, **Circuit Judge**.    The Vázquez-Velázquez Group appeals the Title III court's determination, in the course of its confirmation of the Modified Fifth Amended Title III Plan of Adjustment ("Plan") for the Puerto Rico Highways and Transportation Authority ("PRHTA"), that the Group's claims for additional compensation made in a separate federal lawsuit are dischargeable.  See In re Fin. Oversight and Mgmt. Bd. for P.R., 2022 WL 6949992, at *22 n.14 (D.P.R. Oct. 12, 2022) (Title III court decision); Vázquez-Velázquez v. P.R. Highway & Transp. Auth., 2021 WL 3501380 (D.P.R. Aug. 9, 2021) (separate lawsuit). The Group argues its members' claims in the underlying lawsuit are not dischargeable under Sections 7, 204(d), and 304(h) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), which concern Puerto Rico's compliance with or implementation of federal laws and obligations.  See 48 U.S.C. §§ 2106, 2144(d), 2164(h).

We affirm the Title III court's determination.

## I.

The Group is composed of sixty-nine current and former PRHTA employees who received extra compensation in addition to their salaries for their service as project administrators or project supervisors and their spouses and conjugal partners.  They received extra compensation under PRHTA Regulation 02-017, adopted in 2011, until the PRHTA announced its noncompliance with the

- 3 -

regulation in Informative Bulletin 2015-007 dated October 2, 2014. See Vázquez-Velázquez, 2021 WL 3501380, at *4. The PRHTA broke with Regulation 02-017 both retroactively as to such services rendered but not yet paid from July 1-October 1, 2014, and prospectively. Id. The PRHTA stated that it was required to no longer give effect to Regulation 02-017 by P.R. Act No. 66-2014, the "Government of the Commonwealth of Puerto Rico Special Fiscal and Operational Sustainability Act," which the Puerto Rico Legislature enacted in June 2014.[1] Id.

At issue here is only the Group's objection to the PRHTA's Modified Fifth Amended Title III Plan of Adjustment, specifically to the Title III court's determination that the Group's claims for additional compensation are dischargeable under the Plan. Before describing the Group's specific challenge to the Plan, we provide relevant context. In 2016, Congress enacted

---

[1] The Group sued the PRHTA in federal district court, alleging that the decision to not comply with Regulation 02-017 was not required by P.R. Act No. 66-2014. It reasoned from that that the PRHTA violated the Group's rights "of procedural due process and substantive due process under the Fourteenth Amendment Due Process Clause," "under the Takings Clause of the Fifth Amendment, Equal Protection Clause of the Fourteenth Amendment, and the Contract Clause in Article 1, Section 10, Clause 1 of the Constitution of the United States," and under Puerto Rico law. Vázquez-Velázquez, 2021 WL 3501380, at *1. The district court dismissed the Group's federal constitutional claims and declined to exercise supplemental jurisdiction over its claims under Puerto Rico law. Id. at *15. Certain of those federal constitutional and state law claims are now before this court in a separate appeal. See Vázquez-Velázquez v. P.R. Highway & Transp. Auth., No. 21-1739 (1st Cir. filed Nov. 3, 2022).

PROMESA to address the Commonwealth of Puerto Rico's financial crisis. See 48 U.S.C. §§ 2101-2241. PROMESA established the Financial Oversight and Management Board for Puerto Rico ("FOMB") to "achieve fiscal responsibility and access to the capital markets." Id. § 2121(a). Title III of PROMESA authorizes the FOMB to commence debt restructuring on behalf of the Commonwealth and its covered instrumentalities, like the PRHTA. Id. § 2164(a).

In May 2017, the FOMB commenced a Title III case on behalf of the PRHTA. After several years of negotiations, the FOMB and stakeholders reached a comprehensive agreement for a Plan of Adjustment to restructure PRHTA debt. The Group objected to the Plan on the basis that it improperly treated its members' claims in the underlying suit as general unsecured (i.e., dischargeable) claims. The Group argued that its members' claims were nondischargeable under sections 7, 204(d), and 304(h) of PROMESA. See 48 U.S.C. §§ 2106, 2144(d), 2164(h). The Group "maintain[ed] that, because their work and compensation was indispensable to [PR]HTA's compliance with certain federal health and safety regulations, these sections bar the discharge of claims related to their compensation." In re Fin. Oversight and Mgmt. Bd. for P.R., 2022 WL 6949992, at *22 n.14.

On October 12, 2022, the Title III court entered an order and judgment confirming the Plan, In re Fin. Oversight and Mgmt. Bd. for P.R., 645 B.R. 328 (D.P.R. 2022), and issued its findings

- 5 -

of fact and conclusions of law in connection with its confirmation of the Plan of Adjustment, In re Fin. Oversight and Mgmt. Bd. for P.R., 2022 WL 6949992. The Title III court found that the Plan represented "a further step in the effort to achieve fiscal responsibility of the Commonwealth of Puerto Rico and its instrumentalities." Id. at *2. And without the Plan, the "[PR]HTA would face great uncertainty, financial instability, and significant lawsuits." Id. at *28. In footnote 14, the Title III court also rejected the Group's contention that its members' claims were nondischargeable. The Title III court reasoned that, assuming that sections 7, 204(d), or 304(h) of PROMESA "could serve as a vehicle for an exception to discharge, the nature of the . . . Group's claim[s] do[] not fall with the scope of the purported exceptions." Id. at *22 n.14. The Title III court emphasized that the Group's claims "do[] not fall squarely within the language of sections 7, 204(d), or 304(h) of PROMESA"; that the compensation "was not required under any federal law, regulation, or program"; and that while the "[PR]HTA's ongoing compliance with federal laws and regulations is no doubt implemented through the diligent work of its employees, . . . the purported exceptions cannot be credibly construed so broadly as to require that all compensation related to such work is exempt from discharge." Id. Such a construction of PROMESA's exceptions, the Title III court warned, "would

severely undermine the ability of Puerto Rico to restructure and discharge its debts and achieve fiscal responsibility." Id.

## II.

We review a Title III court's legal conclusions de novo and factual findings for clear error. See In re Fin. Oversight & Mgmt. Bd., 41 F.4th 29, 39 (1st Cir. 2022). The Title III court committed neither error of law nor error of fact.

The Group argues on appeal that its members' claims are nondischargeable based on sections 7, 204(d), or 304(h) of PROMESA because "the work and compensation that was given to their group was indispensable for the compliance with safety as required by federal regulations." See 23 C.F.R. §§ 635.103, 635.105, 635.108. We bear in mind that the Bankruptcy Code's "fresh start" policy instructs that "the '[e]xceptions to discharge are narrowly construed.'" Dewitt v. Stewart (In re Stewart), 948 F.3d 509, 520 (1st Cir. 2020) (alteration in original) (quoting Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997)); see also Warchol v. Barry (In re Barry), 451 B.R. 654, 659 (B.A.P. 1st Cir. 2011) ("Given the serious nature of a discharge denial, the reasons for denying a discharge must be real and substantial, not merely technical and conjectural." (quoting Annino, Draper & Moore, P.C. v. Lang (In re Lang), 246 B.R. 463, 468 (Bankr. D. Mass. 2000))).

Even were we to assume, favorably to the Group, that the underlying claims are valid federal constitutional claims and that

sections 7, 204(d), and 304(h) of PROMESA create an exception to discharge as the Group argues, the Group's claims would nonetheless fall outside the scope of those provisions.

Even taking the assumptions arguendo in favor of the Group's claims, the claims for additional compensation still are not exempt from discharge. The claims in the underlying suit are not based on any federal requirements or obligations, but only on PRHTA Regulation 02-017, which does not implement a federal health or safety program. The federal regulations that the Group does invoke are of no help because none include an obligation to pay the Group additional compensation. See 23 C.F.R. §§ 635.103, 635.105, 635.108. Further, as the Title III court noted, "there has been no suggestion that, by discharging the . . . Group's claim[s], [PR]HTA will be discharging or [forgoing] any of its current or future responsibilities under federal law." In re Fin. Oversight and Mgmt. Bd. for P.R., 2022 WL 6949992, at *22 n.14. We cannot read these sections of PROMESA to sweep so broadly as the Group suggests. Such a reading would ultimately undermine Puerto Rico's ability to restructure and discharge its debts and achieve fiscal responsibility.

For the foregoing reasons, we **affirm** the Title III court's order.